lee, elmer edward v. state 









                                        NO. 12-08-00128-CR

NO. 12-08-00129-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

ROBERT
JASON HEISER, JR.,     §          APPEALS FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            These appeals are being dismissed for want of
jurisdiction.  Appellant was convicted of
aggravated sexual assault and aggravated kidnapping with bodily injury.  Sentence was imposed on June 14, 2007.

            Texas Rule of Appellate Procedure 26.2 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new
trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a timely motion for new trial has been
filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Appellant did not file a motion for new
trial.  Therefore, his notice of appeal
in each case was due to have been filed on or before July 16, 2007.  However, Appellant did not file a notice of
appeal in either case until March 20, 2008 and did not file a motion for
extension of time to file the notices of appeal as permitted by Texas Rule of
Appellate Procedure 26.3.








            On
March 25, 2008, this court notified Appellant, pursuant to Rules 26.2 and 37.2,
that the clerk’s record in these appeals did not show the jurisdiction of this
court, and it gave him until April 4, 2008 to correct the defect.  That deadline has now passed, and Appellant
has neither shown the jurisdiction of this court or otherwise responded to its
March 25, 2008 notice.

            Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeals must
be dismissed.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, the appeals are dismissed for want of jurisdiction.  

Opinion
delivered April 9, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)